

JUDGE RONALD GUZMAN

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE COLE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 09 CR 365 |
| | ) | |
| v. | ) | Violations: Title 18, United States Code, |
| | ) | Sections 1001(a)(3), 1028(a)(1), |
| ADEMOLA ADESOKAN, | ) | 1028A(a)(1), 1029(a)(2), 1344, and 2 |
| TAJUDEEN RABIU, | ) | |
| OLUSOLA AROJOJOYE, | ) | |
| RICHARD ADEKANBI, | ) | |
| EDWARD ADEKANBI, | ) | |
| AKEEM OGUNSEGUN, | ) | |
| KENNETH KORMOI, and | ) | |
| QUINTIN HENDERSON | ) | |

**F I L E D**
JUL 9, 2009
JUL - 8 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COUNT ONE**

The SPECIAL JANUARY 2009 GRAND JURY charges:

1.    At times material to this indictment:

a.    Bank of America, Bremer Bank, Charter One Bank, Fifth Third Bank, JPMorgan Chase, LaSalle Bank, MBNA, Sun Trust Bank, TCF Bank, Washington Mutual Bank, Wells Fargo Bank, N.A., and Woodforest National Bank were financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

b.    Honeywell Federal Credit Union was a credit union whose accounts were insured by the National Credit Union Share Insurance Fund.

c.    First Data Merchant Services (FDMS) was a corporation that processed credit card transactions for merchants and financial institutions, with offices in Greenwood Village, Colorado, and elsewhere. Among other services, FDMS processed credit card transactions by acting as an intermediary between merchants and financial institutions, which issue credit cards.

1

     d.     Navistar Financial Corporation was a commercial financing organization that provided wholesale, retail and lease financing for sales of new and used trucks, with offices in Schaumburg, Illinois, and elsewhere.

     e.     Defendant AKEEM OGUNSEGUN was employed as a Senior Finance Administrator at Navistar Financial Corporation from approximately March 2006 through September 2007.

     f.     Defendant TAJUDEEN RABIU was employed as a teller at Washington Mutual Bank from approximately September 2003 to July 2005, LaSalle Bank from approximately October 2005 to May 2006, and Fifth Third Bank from approximately August 2006 to February 2007.

     g.     Financial institutions, including JPMorgan Chase, Bank of America, and MBNA, issued convenience checks to their credit card customers through the United States mail. Customers could then negotiate the convenience checks to purchase goods and services and obtain cash advances that were billed to their credit card account.

     h.     LaSalle Bank had a policy that tellers were not permitted to access customer accounts unless they had a legitimate business purpose for doing so.

     i.     The United States Postal Service regulated commercial mail receiving agencies (CMRA's), which rent private mailboxes to customers. The United States Postal Service required customers renting CMRA mailboxes to submit an application to receive mail through an agent (Form 1583) and provide two forms of identification. Form 1583 states that the furnishing of false or misleading information on the form or omission of material information could subject the applicant to criminal and civil penalties.

2

2.     Beginning in or about January 2005, and continuing until in or about May 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,
TAJUDEEN RABIU,
OLUSOLA AROJOJOYE,
RICHARD ADEKANBI,
EDWARD ADEKANBI, and
AKEEM OGUNSEGUN,

defendants herein, together with other individuals known and unknown to the Grand Jury (hereinafter collectively referred to as the "co-schemers"), devised, intended to devise, and participated in a scheme to defraud various financial institutions and to obtain money, funds, and property owned by and under the custody and control of various financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described as follows:

3.     It was part of the scheme that co-schemers fraudulently obtained money and property from various financial institutions, through the use of personal identification information stolen from other individuals, false identification documents, fraudulently rented private mailboxes, fraudulently opened bank accounts, and other fraudulent means, and converted the fraudulently obtained money and property to their own use and benefit.

### Credit Card Convenience Checks

4.     It was further part of the scheme that co-schemers used stolen personal identification information and false identification documents to open JPMorgan Chase credit card accounts in the names of others. In opening the JPMorgan Chase credit card accounts, the co-schemers used as account addresses private mailboxes that had been fraudulently rented using false identification

3

documents in the names of various individuals (hereinafter the "fraudulently-rented private mailboxes") and other addresses under the control of the co-schemers.

5.     It was further part of the scheme that, by the above means, co-schemers caused JPMorgan Chase to issue credit card convenience checks in connection with the fraudulently-opened JPMorgan Chase credit cards accounts and to mail these checks to addresses under the control of co-schemers.

6.     It was further part of the scheme that co-schemers also obtained stolen MBNA, Bank of America, and Citibank credit card convenience checks.

7.     It was further part of the scheme that co-schemers forged signatures on the fraudulently-obtained and stolen credit card convenience checks and caused these checks to be deposited into the bank accounts that the co-schemers had opened in the names of other individuals and fictitious businesses (hereinafter, the "fraudulently-opened bank accounts") using false identification documents.

8.     It was further part of the scheme that the co-schemers withdrew the proceeds of the fraudulently-obtained and stolen credit card convenience checks from the fraudulently-opened bank accounts through teller and ATM withdrawals and through purchasing money orders using debit cards that had been issued on the fraudulently-opened bank accounts.

### Fraudulently Diverted Bank Accounts

9.     It was further part of the scheme that the co-schemers fraudulently diverted funds from the bank and credit union accounts of other individuals into the fraudulently-opened bank accounts.

10.     It was further part of the scheme that, on or about April 12, 2006 and May 2, 2006,

4

TAJUDEEN RABIU made unauthorized inquiries into PC and SC's accounts at LaSalle Bank and determined that their total account balances were greater than $100,000.

11.   It was further part of the scheme that, on or about May 5, 2006, co-schemers fraudulently caused the address on SC and PC's ComEd utility bill, and the address on the checking account, home equity line of credit, and money market account maintained by SC and PC at LaSalle Bank, to be diverted to mailbox 187 at The UPS Store, a CMRA in Atlanta, Georgia, which mailbox was controlled by ADEMOLA ADESOKAN.

12.   It was further part of the scheme that, on or about May 9, 2006, co-schemers fraudulently ordered new checks for PC and SC's LaSalle Bank account and caused the checks to be shipped to mailbox 187 at the Atlanta, Georgia CMRA.

13.   It was further part of the scheme that co-schemers fraudulently wrote checks from PC and SC's LaSalle Bank account to Yomi Construction, a fictitious company controlled by the co-schemers.   Co-schemers then forged the name of the payer on the checks and ADEMOLA ADESOKAN deposited the forged checks into a fraudulently-opened bank account.

14.   It was further part of the scheme that, on or about May 16, 2006, ADEMOLA ADESOKAN deposited and attempted to deposit a forged check for $63,125.40 drawn from PC and SC's bank account into one of the fraudulently-opened bank accounts, namely, a JPMorgan Chase account in the name of Yomi Construction.

15.   It was further part of the scheme that, on or about May 19, 2006, ADEMOLA ADESOKAN deposited and attempted to deposit a forged check for $96,289.56 drawn from PC and SC's bank account into the JPMorgan Chase Yomi Construction account.

16.   It was further part of the scheme that, on or about May 15, 2006, ADEMOLA

5

ADESOKAN deposited and attempted to deposit a forged $3,000 check drawn from PC and SC's bank account payable to CF into another of the fraudulently opened bank accounts, namely, a JPMorgan Chase account in the name of Dayo Construction/CF.

17.    It was further part of the scheme that on or about February 9, 2006, co-schemers caused an individual identifying himself as DM to telephone Honeywell Federal Credit Union and authorize a $140,000 wire transfer from DM's Honeywell Federal Credit Union account to the account in the name of Dayo Construction that ADEMOLA ADESOKAN had fraudulently opened at JPMorgan Chase.

18.    It was further part of the scheme that ADEMOLA ADESOKAN, RICHARD ADEKANBI, and EDWARD ADEKANBI withdrew proceeds of the fraudulently diverted Honeywell funds from the Dayo Construction account by purchasing numerous official checks drawn on the Dayo Construction account and withdrawing funds in cash from this account.

19.    It was further part of the scheme that TAJUDEEN RABIU used his position as a teller at Fifth Third Bank to obtain account information, including names, dates of birth, social security numbers, addresses, driver's license numbers, and account numbers of bank customers.

20.    RABIU sold some of the information to other co-schemers who used the information to withdraw funds from the customers' home equity lines of credit.

21.    It was further part of the scheme that TAJUDEEN RABIU and OLUSOLA AROJOJOYE used Fifth Third Bank customer account information stolen by RABIU to access home equity lines of credit and write checks from the credit lines into the fraudulently-opened bank accounts. TAJUDEEN RABIU and OLUSOLA AROJOJOYE thereafter withdrew the funds in cash and purchased money orders with debit cards issued on the fraudulently-opened bank accounts.

### *Credit Card Merchant Accounts*

22.     It was further part of the scheme that co-schemers used false identity documents and fraudulently created documents and records to apply for merchant credit card accounts with FDMS in the names of fictitious businesses that the co-schemers had created.

23.     It was further part of the scheme that on the FDMS merchant account applications co-schemers listed fraudulently-rented private mailboxes and other addresses under their control as the mailing addresses, and listed fraudulently-opened bank accounts as the accounts into which FDMS would cause bank funds to be transferred when credit card transactions were settled.

24.     It was further part of the scheme that co-schemers used fraudulently-opened JPMorgan Chase credit card accounts, and other credit card numbers the co-schemers fraudulently obtained, to submit charges to the merchant accounts they had opened with FDMS.

25.     It was further part of the scheme that co-schemers used fraudulent receipts and invoices that they had created to make it appear to FDMS that certain credit card transactions were legitimate, well knowing at the time that the transactions were fraudulent.

26.     It was further part of the scheme that, by the above means, the co-schemers induced FDMS and financial institutions to settle the fraudulent credit card transactions and to deposit funds in accounts controlled by the co-schemers.

27.     It was further part of the scheme that co-schemers withdrew the funds in cash, purchased money orders, and transferred funds to other bank accounts under their control, thereby causing a loss to FDMS and financial institutions that issued the credit cards.

### *Stolen Navistar Checks*

28.     It was further part of the scheme that, on or about August 4, 2007, co-schemers opened a Bank of America account in the name BK and Navistar Leasing (4992 account) and provided Box 67 at Park Manor Mailboxes as the account address.

29.     It was further part of the scheme that, on or about June 19, 2007, co-schemers opened another Bank of America account in the name of Navistar Leasing (5243 account) using false identification containing the name and identifiers of BK.

30.     It was further part of the scheme that, in or about July 2007, AKEEM OGUNSEGUN stole from Navistar Financial Services Corporation U.S. Bank check numbered 35504 made payable to Navistar Leasing Company in the amount of $51,899.03 and Bank of America check numbered 0878292 made payable to Navistar Leasing Company in the amount of $390,000.

31.     It was further part of the scheme that AKEEM OGUNSEGUN gave the two stolen checks to TAJUDEEN RABIU.

32.     It was further part of the scheme that, on or about July 12, 2007, co-schemers deposited the stolen check numbered 35504 into the Bank of America 4992 account opened in the name of BK and Navistar Leasing.  On or about July 30, 2007, co-schemers deposited the stolen check numbered 0878292 into the Bank of America 4992 account.

33.     It was further part of the scheme that TAJUDEEN RABIU and other co-schemers then transferred the proceeds of the stolen Navistar funds from the Bank of America 4992 account into other bank accounts which the co-schemers controlled.  Thereafter, the co-schemers converted the proceeds of the checks to their own use and benefit by writing additional checks and withdrawing funds in cash. TAJUDEEN RABIU and other co-schemers also converted the stolen funds into cash

8

by purchasing, and causing to be purchased, Postal Service and Wal-Mart money orders using debit cards issued on the fraudulent Bank of America Navistar Leasing accounts.

34.    On or about February 2, 2006, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Charter One Bank, an MBNA convenience check, numbered 8351, made payable to JR, in the amount of $8,100, which check was drawn on the account of SM and KE;

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNT TWO

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1 through 33 of Count One of this indictment are realleged and incorporated here as if fully set forth.

2.      On or about February 3, 2006, at Calumet City, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Charter One Bank, an MBNA convenience check, numbered 8353, made payable to JR in the amount of $3,295, which check was drawn on the account of SM and KE;

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1. The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2. On or about March 6, 2007, at South Holland, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU and
RICHARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Washington Mutual, a JPMorgan Chase convenience check, numbered 2000, made payable to LM in the amount of $6,450.37, which check was drawn on the account of MM;

In violation of Title 18, United States Code, Section 1344 and 2.

11

## COUNT FOUR

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.      On or about March 7, 2007, at Oak Forest, in the Northern District of Illinois, Eastern Division, and elsewhere,

### TAJUDEEN RABIU,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Washington Mutual, a JPMorgan Chase convenience check, numbered 2000, made payable to GC in the amount of $6,542.22, which check was drawn on the account of JS;

In violation of Title 18, United States Code, Section 1344.

12

## COUNT FIVE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about March 20, 2007, at Oak Forest, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Washington Mutual, a JPMorgan Chase convenience check, numbered 2000, made payable to BW in the amount of $3,470, which check was drawn on the account of WM;

In violation of Title 18, United States Code, Section 1344.

13

## COUNT SIX

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about March 28, 2007, at Glenwood, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU and
OLUSOLA AROJOJOYE,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Bank of America, a JPMorgan Chase convenience check, numbered 2000, made payable to Now N Touch Communication in the amount of $7,980.79, which check was drawn on the account of TM;

In violation of Title 18, United States Code, Section 1344 and 2.

14

## COUNT SEVEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about March 27, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU and
OLUSOLA AROJOJOYE,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Bank of America, a JPMorgan Chase convenience check, numbered 2000, made payable to Joanns Furniture and Appliances Co. in the amount of $7,890.60, which check was drawn on the account of TM;

In violation of Title 18, United States Code, Section 1344 and 2.

15

## COUNT EIGHT

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about March 26, 2007, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU and
OLUSOLA AROJOJOYE,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Bank of America, a JPMorgan Chase convenience check, numbered 2000, made payable to Compusale Management Co. in the amount of $7,950.95, which check was drawn on the account of RJ;

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNT NINE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1. The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2. On or about January 16, 2007, at Olympia Fields, in the Northern District of Illinois, Eastern Division, and elsewhere,

RICHARD ADEKANBI,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at JPMorgan Chase, a JPMorgan Chase convenience check, numbered 2000, made payable to Olad Enterprises in the amount of $6,600, which check was drawn on the account of AD;

In violation of Title 18, United States Code, Section 1344.

17

## **COUNT TEN**

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.    On or about March 23, 2006, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN and
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Charter One Bank, a Citibank Federal Savings Bank convenience check, numbered 1073, made payable to AP2 in the amount of $8250.21, which check was drawn on the account of SJ;

In violation of Title 18, United States Code, Section 1344 and 2.

18

## COUNT ELEVEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about March 27, 2006, at Matteson, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN and
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Charter One Bank, a Citibank Federal Savings Bank convenience check, numbered 1073, made payable to AP in the amount of $8,100, which check was drawn on the account of SJ;

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNT TWELVE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.    On or about January 24, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

OLUSOLA AROJOJOYE,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Bank of America, a Bank of America convenience check, numbered 1084, made payable to Hambleton Enterprise in the amount of $3,780, which check was drawn on the account of JP;

In violation of Title 18, United States Code, Section 1344.

20

## COUNT THIRTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about February 24, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Washington Mutual Bank, a Bremer Bank check, numbered 2006, made payable to Rieslint Mgmt Group Inc. in the amount of $54,950, which check was drawn on the Bremer Bank home equity line of credit of DS and KS;

In violation of Title 18, United States Code, Section 1344.

21

## COUNT FOURTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.    On or about May 16, 2006, at Olympia Fields, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,
TAJUDEEN RABIU,
RICHARD ADEKANBI, and
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at JPMorgan Chase, a LaSalle Bank check, numbered 5215, made payable to Yomi Construction in the amount of $63,125.40, which check was drawn on the account of PC and SC;

In violation of Title 18, United States Code, Section 1344 and 2.

22

## COUNT FIFTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about May 19, 2006, at Hazel Crest, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,
TAJUDEEN RABIU,
RICHARD ADEKANBI, and
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at JPMorgan Chase, a LaSalle Bank check, numbered 5213, made payable to Yomi Construction in the amount of $96,289.56, which check was drawn on the account of PC and SC;

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNT SIXTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.    On or about May 15, 2006, at Homewood, in the Northern District of Illinois, and elsewhere,

ADEMOLA ADESOKAN,<br>
TAJUDEEN RABIU,<br>
RICHARD ADEKANBI, and<br>
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at JPMorgan Chase, a LaSalle Bank check, numbered 5214, made payable to CF in the amount of $3,000, which check was drawn on the account of PC and SC;

In violation of Title 18, United States Code, Section 1344 and 2.

## **COUNT SEVENTEEN**

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.      On or about May 17, 2006, at Aurora, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,
TAJUDEEN RABIU,
RICHARD ADEKANBI, and
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be withdrawn at JPMorgan Chase, $4,890 from an account in the name of Yomi Construction;

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNT EIGHTEEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.    On or about February 9, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,<br>
RICHARD ADEKANBI, and<br>
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing a wire transfer of $140,000 from Honeywell Federal Credit Union in Minneapolis, Minnesota to JPMorgan Chase in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1344 and 2.

26

## <u>COUNT NINETEEN</u>

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.    On or about March 27, 2006, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,<br>
RICHARD ADEKANBI, and<br>
EDWARD ADEKANBI,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Charter One Bank, JPMorgan Chase check number 1286, made payable to AP in the amount of $9,100, which check was drawn on the account of Dayo Construction;

In violation of Title 18, United States Code, Section 1344 and 2.

·27

## COUNT TWENTY

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.     On or about March 28, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU and
OLUSOLA AROJOJOYE,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited in the account of Emborgo Home and Business Renovation at Bank of America, an ACH transfer of $11,244.47, which funds were drawn from Wells Fargo Bank, N.A., a Visa member bank;

In violation of Title 18, United States Code, Section 1344 and 2.

28

## COUNT TWENTY-ONE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.    The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.    On or about February 18, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

### TAJUDEEN RABIU,

defendant herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited in the account of CJC Electronics at Bank of America, an ACH transfer of $4,304.70, which funds were drawn from Wells Fargo Bank, N.A., a Visa member bank;

In violation of Title 18, United States Code, Section 1344.

29

## <u>COUNT TWENTY-TWO</u>

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.     The allegations contained in paragraphs 1-33 of Count One of this indictment are reatleged and incorporated here as if fully set forth herein.

2.     On or about January 7, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU and
OLUSOLA AROJOJOYE,

defendants herein, knowingly executed and attempted to execute the above-described scheme by causing to be deposited at Washington Mutual Bank a Fifth Third Bank check, numbered 1029, made payable to NR in the amount of $36,400, which check was drawn on the Fifth Third Bank home equity line of credit of RP;

In violation of Title 18, United States Code, Section 1344 and 2.

30

## <u>COUNT TWENTY-THREE</u>

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1-33 of Count One of this indictment are realleged and incorporated here as if fully set forth herein.

2.      On or about August 14, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU,
OLUSOLA AROJOJOYE,
RICHARD ADEKANBI, and
AKEEM OGUNSEGUN,

defendants herein, executed and attempted to execute the above-described scheme by knowingly causing to be deposited at Bank of America, a Bank of America check, numbered1001, made payable to Omawe Construction Company, in the amount of $49,822.11, which check was drawn on the account of BK and Navistar Leasing Co.;

In violation of Title 18, United States Code, Section 1344 and 2.

31

## COUNT TWENTY-FOUR

The SPECIAL JANUARY 2009 GRAND JURY further charges:

1.      The allegations contained in paragraphs 1-33 of Count One of this indictment are reAlleged and incorporated here as if fully set forth herein.

2.      On or about August 21, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU,
OLUSOLA AROJOJOYE,
RICHARD ADEKANBI, and
AKEEM OGUNSEGUN,

defendants herein, executed and attempted to execute the above-described scheme by knowingly causing to be deposited at Bank of America, a Bank of America check, numbered 1002, made payable to Omawe Construction Company, in the amount of $68,834.09, which check was drawn on the account of BK and Navistar Leasing Co.;

In violation of Title 18, United States Code, Section 1344.

## COUNT TWENTY-FIVE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

Beginning in or about January 2007, and continuing until in or about January 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,

defendant herein, knowingly and with intent to defraud, effected and attempted to effect transactions with 1 or more unauthorized access devices, namely, debit and credit cards issued in the names of various individuals, to receive payment or any other thing of value during any 1-year period the aggregate value of which was equal to or greater than $1,000;

In violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(A)(i).

## COUNT TWENTY-SIX

The SPECIAL JANUARY 2009 GRAND JURY further charges:

Beginning in or about January 2007, and continuing until in or about January 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU,

defendant herein, knowingly and with intent to defraud, effected and attempted to effect transactions with 1 or more unauthorized access devices, namely, debit and credit cards issued in the names of various individuals, to receive payment or any other thing of value during any 1-year period the aggregate value of which was equal to or greater than $1,000;

In violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(A)(i).

## COUNT TWENTY-SEVEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

Beginning in or about January 2007, and continuing until in or about January 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

OLUSOLA AROJOJOYE,

defendant herein, knowingly and with intent to defraud, effected and attempted to effect transactions with 1 or more unauthorized access devices, namely, debit and credit cards issued in the names of various individuals, to receive payment or any other thing of value during any 1-year period the aggregate value of which was equal to or greater than $1,000;

In violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(A)(i).

## <u>COUNT TWENTY-EIGHT</u>

The SPECIAL JANUARY 2009 GRAND JURY further charges:

Beginning in or about January 2007, and continuing until in or about January 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

### RICHARD ADEKANBI,

defendant herein, knowingly and with intent to defraud, effected and attempted to effect transactions with 1 or more unauthorized access devices, namely, debit and credit cards issued in the names of various individuals, to receive payment or any other thing of value during any 1-year period the aggregate value of which was equal to or greater than $1,000;

In violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(A)(i).

## COUNT TWENTY-NINE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

Beginning in or about January 2006, and continuing until in or about January 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

EDWARD ADEKANBI,

defendant herein, knowingly and with intent to defraud, effected and attempted to effect transactions with 1 or more unauthorized access devices, namely, debit and credit cards issued in the names of various individuals, to receive payment or any other thing of value during any 1-year period the aggregate value of which was equal to or greater than $1,000;

In violation of Title 18, United States Code, Section 1029(a)(2) and (c)(1)(A)(i).

## <u>COUNT THIRTY</u>

The SPECIAL JANUARY 2009 GRAND JURY further charges:

Beginning in or about October 2005, and continuing until in or about May 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

OLUSOLA AROJOJOYE,

defendant herein, knowingly and without lawful authority produced identification documents, authentication features, and false identification documents, namely social security cards and driver's licenses in the names of various individuals;

In violation of Title 18, United States Code, Section 1028(a)(1).

## COUNT THIRTY-ONE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about May 19, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ADEMOLA ADESOKAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the names of PC and SC, during and in relation to the commission of the bank fraud described in Count Fourteen of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-TWO

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about May 15, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

ADEMOLA ADESOKAN,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name of DM, during and in relation to the commission of the bank fraud described in Count Eighteen of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-THREE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about March 29, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, social security number, and date of birth of TM, during and in relation to the commission of the bank fraud described in Count Six of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

41

## COUNT THIRTY-FOUR

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 11, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, social security number, address, date of birth, and phone number of RP, during and in relation to the commission of the bank fraud described in Count Twenty-Two of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-FIVE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about May 19, 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TAJUDEEN RABIU,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the names of PC and SC, during and in relation to the commission of the bank fraud described in Count Fourteen of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-SIX

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about March 5, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

OLUSOLA AROJOJOYE,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name and social security number of LE, during and in relation to the commission of the bank fraud described in Count Nineteen of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-SEVEN

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about March 5, 2007, in the Northern District of Illinois, Eastern Division, and elsewhere,

OLUSOLA AROJOJOYE,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name, social security number, and date of birth of RP, during and in relation to the commission of the bank fraud described in Count Twenty-Two of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THIRTY-EIGHT

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about November 24, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

### RICHARD ADEKANBI,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the name and social security number of AD, during and in relation to the commission of the bank fraud described in Count Nine of this indictment;

In violation of Title 18, United States Code, Section 1028A(a)(1).

46

## COUNT THIRTY-NINE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about August 14, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### KENNETH KORMOI,

defendant herein, did knowingly and willfully falsify a material fact in a matter within the jurisdiction of the United States Postal Service, an agency within the executive branch of the Government of the United States, by stating on Postal Service Form 1583, that his name was GB, when in fact, as defendant then and there knew, his name was KENNETH KORMOI;

In violation of Title 18, United States Code, Section 1001(a)(3).

## COUNT FORTY

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about September 26, 2007, at South Holland, in the Northern District of Illinois, Eastern Division,

### KENNETH KORMOI,

defendant herein, did knowingly and willfully falsify a material fact in a matter within the jurisdiction of the United States Postal Service, an agency within the executive branch of the Government of the United States, by stating on Postal Service Form 1583, that his name was GB, when in fact, as defendant then and there knew, his name was KENNETH KORMOI;

In violation of Title 18, United States Code, Section 1001(a)(3).

48

## COUNT FORTY-ONE

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about December 28, 2007, at South Holland, in the Northern District of Illinois, Eastern Division,

### QUINTIN HENDERSON,

defendant herein, did knowingly and willfully falsify a material fact in a matter within the jurisdiction of the United States Postal Service, an agency within the executive branch of the Government of the United States, by stating on Postal Service Form 1583, that his name was JF, when in fact, as defendant then and there knew, his name was QUINTIN HENDERSON;

In violation of Title 18, United States Code, Section 1001(a)(3).

## COUNT FORTY-TWO

The SPECIAL JANUARY 2009 GRAND JURY further charges:

On or about March 14, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### QUINTIN HENDERSON,

defendant herein, did knowingly and willfully falsify a material fact in a matter within the jurisdiction of the United States Postal Service, an agency within the executive branch of the Government of the United States, by stating on Postal Service Form 1583, that his name was CC, when in fact, as defendant then and there knew, his name was QUINTIN HENDERSON;

In violation of Title 18, United States Code, Section 1001(a)(3).

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2009 GRAND JURY further alleges:

1.      The allegations in Counts One through Twenty-Four of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2.      As a result of their violations of Title 18, United States Code, Section 1344, as alleged in Counts One through Twenty-Four,

> ADEMOLA ADESOKAN,
> TAJUDEEN RABIU,
> OLUSOLA AROJOJOYE,
> RICHARD ADEKANBI,
> EDWARD ADEKANBI, and
> AKEEM OGUNSEGUN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property constituting, and derived from, proceeds they obtained directly or indirectly as the result of such violations.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), include (1) the sum of approximately $2,500,000; and (2) one 2006 Infiniti M45-V8 automobile (VIN JNKBYO1E96M204744).

4.      If any of the forfeitable property described above, as a result of any act or omission by defendants:

> (a)     cannot be located upon the exercise of due diligence;

> (b)     has been transferred or sold to, or deposited with, a third party;

> (c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions

of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code,

Section 982(b)(1);

All pursuant to Title 18, United States Code, Section 982(a)(2).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY